UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MERRILL LYNCH MORTGAGE CAPITAL INC.,

               Plaintiff,

       - against -                   **MEMORANDUM & ORDER**

RALPH ESMERIAN, CALYPSO MINES LLC,      08 Civ. 5058 (NRB)
ENDYMION LLC, R. ESMERIAN INC., TANGO
LLC, and FOXTROT LLC,

               Defendants.
----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On January 2, 2008, Merrill Lynch Mortgage Capital Inc. ("Merrill Lynch") commenced this action in New York State Supreme Court, seeking to recover on two loans made to Calypso Mines LLC, Endymion LLC, Tango LLC, and Foxtrot LLC (collectively, the "LLC defendants"). Shortly thereafter, the LLC defendants filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York. See In re Fred Leighton Holding, Inc., No. 08-11363 (RDD) (Bankr. S.D.N.Y.). The state court action was then removed to this Court pursuant to 28 U.S.C. §§ 1441, 1452, with the consent of defendants Ralph Esmerian and R. Esmerian Inc. (collectively, the "Guarantor defendants"). Merrill Lynch now seeks leave to file a motion to sever and remand its claims against the Guarantor defendants, which are predicated on the guarantee agreements securing the loans to

the LLC defendants. The defendants' threshold objection to this course is that any such motion must be entertained by the bankruptcy court in the first instance. We agree.

Under Section 157(a) of the Bankruptcy Code, "[e]ach district court may provide that . . . any or all proceedings . . . related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The referral of bankruptcy cases in this district is governed by a standing order issued by then-Acting Chief Judge Ward on July 11, 1984, which provides, in pertinent part, "any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the Bankruptcy Judges for this district." Accordingly, proceedings that are "related to" a Title 11 case are "automatically referred" to the bankruptcy court. Korea Exchange Bank v. Kirtie Regan, Inc., No. 05 Civ. 8597, 2006 WL 2034681, at *1 (S.D.N.Y. July 20, 2006) (citing cases).

The only issue for this Court, then, is whether the claims that are the subject of Merrill Lynch's proposed motion to remand fall within the "related to" jurisdiction of the district courts. 28 U.S.C. § 1334(b). In this regard, Merrill Lynch weakly suggests that its claims against Esmerian and R. Esmerian Inc., once severed from the balance of the action, will be wholly independent from the Chapter 11 proceeding because the guaranties explicitly provide for a right to proceed directly against those two defendants. This

-2-

argument misses the mark. The test for relatedness focuses not on whether the claim has been asserted against the bankrupt defendant, but on whether the claim "might have any 'conceivable effect'" on the estate being administered in bankruptcy. In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992). A creditor's claim against the guarantor of a bankrupt debtor's obligations is a textbook example of a "related" proceeding, see 1 King, Collier on Bankruptcy, ¶ 3.01[3][6], at 3-77 (15th ed. 1992); Worldcom Network Services, Inc. v. Al-Khatib, No. 96 Civ. 4492, 1998 WL 23254, at *3 (S.D.N.Y. Jan. 22, 1998) (citing cases); New Jersey Steel Corp. v. Bank of New York, No. 95 CIV. 3071, 1997 WL 716911, at *4 n.7 (S.D.N.Y. Nov. 17, 1997) (citing cases), because the guarantor may invoke its right to subrogation or, upon satisfying the obligation, seek indemnification or reimbursement from the bankrupt debtor. See, e.g., Pro-Specialties, Inc. v. Thomas Funding Corp., 812 F.2d 797, 799-800 (2d Cir. 1987) (noting that guarantor has implied-in-law right to indemnification).

In accordance with the standing order of referral in this district, the above-captioned matter is hereby referred to Judge Robert D. Drain, the bankruptcy judge presiding over the LLC defendants' Chapter 11 proceeding. Finally, while we conclude that this case easily comes within this Court's standing referral order, we intimate no view of Merrill Lynch's anticipated motion to the

Bankruptcy Court to sever and remand its claims against the Guarantor defendants.

**SO ORDERED.**

Dated:   New York, New York
         June 27, 2008

                                         _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

-4-

Copies of the foregoing Memorandum & Order have been mailed on this date to the following:

<u>Counsel for Plaintiff</u>:
Howard R. Hawkins, Jr., Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

<u>Counsel for Defendants</u>:
Paul Rubin, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016